UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,   )<br>            Plaintiff,                    )<br>                                                 )<br>v.                                             )<br>                                                 )<br>MUSTAFA A. ABUHANIEH,      )<br>            Defendant.                   ) | No. 13-CV-00303<br><br>STIPULATED MOTION TO DISPENSE WITH MEDIATION |

The parties respectfully request the Court dispense with the mediation requirement set forth in Order Adopting Parties' Proposed Discovery Schedule (DE 10) and in DE 11.  In support the parties state as follows:

Limited Settlement Options Under Federal Law

The U.S. Department of Health and Human Services (DOH) established the HEAL student loan program for students of medicine, dentistry, osteopathy, veterinary medicine, optometry, and podiatry.   42 C.F.R. § 60.1 et seq.   The program is managed by DOH in cooperation with participating schools and lenders. The HEAL program insures loans made by lenders through the federal government's Student Loan Insurance Fund ("SILF"). The SILF, through DOH, reimburses the holder of the loan for the full amount of the principal and accrued interest in event of the borrower's default, death, disability, or bankruptcy. 42 C.F.R. §§ 60.14 and 60.32.

As a prerequisite to submitting an insurance claim through the HEAL program, plaintiff is obligated under federal law to exercise "due diligence" to attempt to collect monies owed. 42 C.F.R. § 60.35. All lawful collection methods must be utilized, including litigation.   If plaintiff obtains a judgment either through stipulation or at trial, it would present the judgment to DOH as

part of its insurance claim. 42 C.F.R. §§ 60.40(c)(1)(ii) and 60.41(1)(a).   DOH would then take over collection efforts. 42 C.F.R. § 60.20.

Plaintiff cannot compromise the Notes, including adjusting the repayment terms or amounts due. Doing so would violate plaintiff's obligations under the above-cited regulations and jeopardize its insurance coverage.   Defendant's settlement options are narrowly limited to: (1) Fully satisfy the Notes; (2) Cure the default; (3) Stipulate to a judgment.   Defendant understands that these are the limited options available to resolve the case, and in the event Defendant elects to resolve the case under these conditions it can be addressed between counsel without the need of mediation."

Memorandum of Law

Matters impacting the efficient resolution of cases before this Court fall within the Court's inherent and discretionary authority. See Fed. R. Civ. P. 6(b).   The parties request the court forego requiring the parties to attend mediation.   Proceeding to mediation with the limited settlement options available would be an inefficient use of both parties' resources.   Dispensing with the mediation requirement will promote "the just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1.

/s/ Stephen V. Iglesias
Stephen V. Iglesias, FBN 0140650
P. O. Box 172658
Tampa, FL 33672-2658
(813) 226-2500
stephen@svi-lawoffice.com
Attorney for Plaintiff

/s/ William S. Henry
William S. Henry, FBN 0061433
Burke Blue Hutchinson Walters & Smith, P.A.
221 McKenzie Avenue
Panama City, FL 32401
(850) 769-1414
bhenry@blurkeblue.com
Attorney for Defendant